UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LUIS ARMANDO CABRERA, on behalf of himself and all other persons similarly situated,

Plaintiff,

-against-

**COMPLAINT**

CENTRAL 32 CORPORATION and ANDY DORANT,

*FLSA Collective Action*

Defendants.
----------------------------------------------------------------------X

Plaintiff, LUIS ARMANDO CABRERA ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, CENTRAL 32 CORPORATION and ANDY DORANT (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. The Defendants are engaged in the restaurant business. The Plaintiff performed non-exempt work for the Defendants. The Plaintiff regularly worked more than 40 hours in a work week but were not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

5. The Defendant, CENTRAL 32 CORPORATION, was and still is a domestic business corporation that operates a restaurant in the County of Nassau and State of New York.

6. At all times relevant, Defendant, CENTRAL 32 CORPORATION, is engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA .

7. At all times relevant, Defendant, CENTRAL 32 CORPORATION, has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

8. Defendants' restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

9. Plaintiff was a non-exempt employee of the Defendants and "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

10. Plaintiff's duties included preparing and cooking food. In performing his duties, Plaintiff handled or worked with goods, such as grains, pork, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

11. Defendant, CENTRAL 32 CORPORATION, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

12. The Defendant, ANDY DORANT, is a member and/or officer of CENTRAL 32 CORPORATION, has authority to make payroll and personnel decisions for CENTRAL 32

CORPORATION, and is active in the day-to-day management of the restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

**STATEMENT OF FACTS**

13. Plaintiff was employed by Defendants from in or about September 2023, to in or about September 2025. Plaintiff performed non-exempt duties for the Defendants including preparing food and cooking.

14. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek. Plaintiff regularly worked from 10:00 a.m. until 3:00 p.m. Tuesday and Wednesday; from 3:00 p.m. until 10:00 p.m. Thursday and Friday; and from 10:00 a.m. until 10:00 p.m. Saturday and Sunday.

15. Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

16. Throughout his employment with Defendants, Plaintiff regularly worked more than ten hours in a single day.

17. Defendants failed to pay Plaintiff spread-of-hours pay for each workday in which his spread of hours exceeded 10 hours.

Defendants made unlawful deductions to Plaintiff's wages each pay period in violation of NYLL § 193.

18. Defendants failed to provide Plaintiff upon hire with written notice in his native language of his rate of pay and other information required by NYLL § 195(1).

19. Defendants failed to furnish Plaintiff with accurate statements with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of NYLL § 195(3).

20. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and the Collective Action Plaintiffs.

21. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the NYLL, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

22. Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

23. As a result, Plaintiff was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. Plaintiff was unable to determine how much he had been underpaid throughout his employment. Plaintiff would have asserted his claim sooner if accurate statements had been provided.

24. Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

25. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common

policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

26. Plaintiff brings FLSA claims on behalf of themselves and all persons similarly situated who work or have worked in non-exempt positions, such as cooks, preppers and dishwashers, who give their consent in writing to become plaintiffs and who worked at Defendants' restaurant at any time during the three (3) years prior to the filing of their respective consent forms.

27. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff and have been underpaid in violation of the FLSA. Named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

28. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, severs, waiters, waitresses, bussers, food runners, expediters, bartenders, cooks, preppers and dishwashers, at any time during the three (3) years prior to the filing of their respective consent forms.

29. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure

compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

30. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

32. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

33. Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

34. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate of pay in violation of NYLL.

36. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL and the supporting NYS Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

37. Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD OF HOURS

38. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Defendants willfully failed to pay Plaintiff one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of the NYLL.

40. Plaintiff is entitled to recover from Defendants spread-of-hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: UNLAWFUL DEDUCTIONS TO WAGES

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants made unlawful deductions to Plaintiff's wages each pay period in violation of NYLL § 193.

43. Defendants' violations of NYLL § 193 were willful.

44. Plaintiff is entitled to recover from Defendants the wages that were unlawfully withheld, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE NOTICE**

45. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants failed to provide Plaintiff upon hire with written notice of his rate of pay and other information required by NYLL § 195(1).

47. Defendants are liable to Plaintiff for statutory damages from Defendants pursuant to NYLL § 198.

**SIXTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE STATEMENTS**

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by NYLL § 195(3).

50. Defendants are liable to Plaintiff for statutory damages from Defendants pursuant to NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of this case as a collective action under 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Unpaid overtime wages, spread of hours pay, liquidated damages, statutory damages and interest pursuant to NYLL § 198(1-a);

(iv) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(v) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
August 24, 2026

ROMERO LAW GROUP PLLC

By: */s/ Peter A. Romero*
________________________
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*